UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYBURN WILKINS, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13-CV-908 (CEJ) |
| ANADARKO INDUSTRIES, L.L.C., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to enforce a settlement agreement. Plaintiff has filed a memorandum in opposition, and the issues have been fully briefed.

### I. Background

On May 13, 2013, plaintiff filed this action against defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973, §§ 701, *et seq.*, alleging discrimination based on race, color, gender, and disability. Defendant filed an answer on June 18, 2013. The Court scheduled a Rule 16 conference and directed the parties to file a joint proposed scheduling order. On July 30, 2013, the Court canceled the Rule 16 conference due to the parties failure to file a scheduling plan. On July 31, 2013, the Court issued a case management order. On September 4, 2013, defendant filed the instant motion to enforce settlement agreement and to recover attorneys' fees incurred by filing this motion.

In its motion, defendant explains that a joint scheduling plan was not submitted to the Court because a settlement agreement had been reached between the parties. The exhibits attached to defendant's motion show that on July 30, 2013, defendant's

counsel sent plaintiff's counsel a settlement agreement for signature. On August 5, 2013, plaintiff's counsel requested that the agreement be changed to reflect that defendant would respond to future employment inquires with a neutral reference. On the same day, the agreement was adjusted to reflect this request. On August 6, 2013, plaintiff's counsel wrote to defendant's counsel stating that plaintiff requested that the wording of paragraph 12 be adjusted. On the same day, defendant's counsel adjusted the agreement to reflect plaintiff's request. On August 7, 2013, plaintiff's counsel informed defendant's counsel that plaintiff no longer wished to sign the agreement and that he had been discharged as plaintiff's attorney.

Plaintiff argues that these e-mail exchanges evidence negotiations, but not a final agreement to settle. Plaintiff contends that he did not review the drafts and did not approve of them. In reply, defendant submits an affidavit from plaintiff's former counsel. The affidavit states that plaintiff "retained [him] to negotiate with Defendant . . . to reach a settlement in this matter;" that the parties "had reached a Settlement Agreement to fully settle the claims;" and that plaintiff "agreed to accept the terms of the Agreement and authorized [him] to accept the terms of the Agreement on his behalf."

II.  Discussion

The Court has the inherent power to enforce a settlement agreement entered into by the parties in a pending case. Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999). Settlement agreements are governed by contract law. Chaganti & Associates v. Nowotny, 470 F.3d 1215, 1221 (8th Cir. 2006). In order for a settlement agreement to be enforceable, the parties must have reached agreement on the essential terms of the deal. Sheng v. Starkey Laboratories, Inc., 117 F.3d 1081, 1083 (8th Cir. 1997). "Settlement agreements that do not expressly resolve ancillary issues can,

nevertheless, be enforceable." Id. In determining whether an unresolved issue is "material" or "ancillary," the court looks to the intent of the parties. Worthy v. McKesson Corp., 756 F.2d 1370, 1372 (8th Cir. 1985). The party requesting enforcement of a settlement agreement has the burden of proving its claim for relief by clear, convincing, and satisfactory evidence. Visiting Nurse Assoc., St. Louis v. VNA Healthcare, Inc., 347 F.3d 1052, 1053 (8th Cir. 2003) (citations omitted).

Upon review of the record, the Court concludes that the parties reached an enforceable settlement agreement. First, the parties did not submit a joint scheduling plan as directed by the Court because of their belief that a settlement had been reached. Second, the parties agreed to the essential terms of the contract, *i.e.* that the plaintiff would dismiss the case in exchange for the defendant's payment of a certain amount. This amount has not been disclosed to the Court because of a confidentiality clause in the settlement agreement. Third, the correspondence between the attorneys reflect that the parties intended to be bound by this agreement, but that ancillary issues needed to be addressed before execution, *i.e.* the addition of a provision regarding a neutral reference and the rewording of a sentence. See Johnson v. Dobson, 230 F.3d 1363 (8th Cir. 2000) (The "parties entered into a valid, oral, global-settlement agreement . . . notwithstanding the ancillary adjustment of the payment schedule); compare to Church Mutual Insurance Co. v. Copenhaven, 2011 WL 704575 (E.D. Ark. Feb. 22, 2011) (Court found that a set of e-mail exchanges between counsel did not amount to a settlement agreement because a "vital part of the settlement agreement" was missing). Fourth, plaintiff's argument that he did not review the agreement is contradicted by the evidence presented by defendant. The August 6, 2013 email reflects that plaintiff himself requested a specific adjustment, which shows that plaintiff was given an opportunity to review the agreement. Lastly, plaintiff's

former attorney states in an affidavit that plaintiff retained him to negotiate a settlement and that he did negotiate a settlement which plaintiff authorized. It is well-established that an attorney may enter into a settlement agreement on behalf of a client. Harris v. Ark. State Highway & Transp. Dep't, 437 F.3d 749 (8th Cir. 2006). A client bears a "heavy burden" when attempting to prove that the attorney was not authorized to enter into a settlement agreement. Id. at 751. Plaintiff has not provided any evidence showing that his former attorney did not have authority to enter into the settlement agreement at issue here.

For the reasons discussed above, the Court concludes that defendant is entitled to enforcement of the settlement agreement and is entitled to recover the reasonable costs and attorneys' fees incurred in filing this motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to enforce settlement agreement [Doc. # 19] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **September 27, 2013** to (1) execute a release of all claims against the defendant and (2) execute and file a stipulation for dismissal of this action with prejudice.  **If plaintiff fails to comply with this order, the Court will dismiss this action with prejudice and without further notice to plaintiff.**

**IT IS FURTHER ORDERED** that upon plaintiff's execution of the release and stipulation for dismissal, the defendant shall pay to plaintiff the agreed-upon settlement amount.

**IT IS FURTHER ORDERED** that the defendant shall have until **October 4, 2013**, to submit a verified statement of attorneys' fees and costs incurred in bringing the motion to enforce settlement.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2013.